```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOWARD A. DOMITZ,

                                Plaintiff,

        -against-

THE CITY OF LONG BEACH,

                                Defendant.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 16 2017 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 16-1720

(Wexler, J.)

APPEARANCES:

    LAW OFFICES OF WAYNE J. SCHAEFER, LLC
    BY:   Wayne J. Schaefer, Esq.
    Attorneys for Plaintiff
    199 East Main Street, Suite 4
    Smithtown, NY 11787

    ROBERT M. AGOTISTI, CORPORATION COUNSEL, CITY OF LONG BEACH
    BY:   Richard A. Berrios, Esq., Assistant Corporation Counsel
    Attorneys for Defendant
    1 West Chester Street
    Long Beach, NY 11561

WEXLER, District Judge:

    Before the Court is Defendant's motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted and Plaintiff's Complaint is dismissed in its entirety.

<008>

BACKGROUND

Plaintiff, Howard Domitz ("Plaintiff" or "Domitz"), commenced his employment with Defendant City of Long Beach ("Defendant" or the "City") on February 27, 1978 as a Police Officer. (Compl. ¶ 8.) Plaintiff was promoted twice during his employment - first, to Sergeant in November 2002 and second, to Detective Sergeant in July 2003. (Id.)

Plaintiff retired from his employment with the City, effective April 27, 2012 and began receiving a service retirement benefit pursuant to his membership in the New York State and Local Police and Fire Retirement System. (Id. ¶ 9.) Up until his retirement, Plaintiff's certified collective bargaining representative with regard to his employment with the City was the Long Beach Police Benevolent Association, Inc. (the "PBA"). (Id.)

At the time of Plaintiff's retirement, the most recent collective bargaining agreement ("CBA") between the City and the PBA was for a term from July 1, 2003 to June 30, 2008. (Id. ¶ 10.) Pursuant to Section 23(e) of that CBA, Plaintiff was entitled to choose between a lump sum cash payout for unused sick leave, termination pay and personal leave (the "Separation Payout") immediately upon his retirement or pursuant to any installment schedule that he chose, provided that full payment was made within five years of his retirement. (Id. ¶ 11.) Plaintiff elected to receive his Separation Payout in equal, bi-weekly installments, to be paid in full within five years of his retirement. (Id.)

On March 29, 2013, the City and the PBA were parties to an interest arbitration award (the "Arbitration Award"), which provided for a base salary increase ranging from 2.75% to 3.75% for City police officers for the period July 1, 2008 to June 30, 2015. (Id. ¶ 13.) Pursuant to the Arbitration Award, Plaintiff received a lump sum payment in January 2014 of the

applicable base salary increase for the hours he worked from July 1, 2008 until his last day prior to retirement on April 26, 2012. (Id. ¶ 14.) As per the Arbitration Award, the City did not recalculate Plaintiff's Separation Payout to reflect the retroactive wage increase. (Id.; Arbitration Award at 44, annexed as Ex. B to Berrios Decl.)[1]

Pursuant to Section 22(a)(1) of the CBA in effect at the time of Plaintiff's retirement, Plaintiff was entitled to continue to be reimbursed by the City for out-of-pocket medical expenses exceeding certain levels during his retirement. (Compl. ¶ 21.) On or about August 12, 2013, the City notified Plaintiff that, pursuant to the Arbitration Award, they would no longer reimburse its police officer retirees for out-of-pocket medical expenses. (Id. ¶ 22; Arbitration Award at 45.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 16, 2014, alleging that the City discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. (Compl. ¶ 24.) On January 11, 2016, the EEOC issued a Dismissal and Notice of Rights, advising Plaintiff that, based upon its investigation, it was unable to conclude that the City had discriminated against Plaintiff. (Id. ¶ 27.)

Plaintiff commenced the within action on April 8, 2016, alleging age discrimination in

---

[1] Although the Court is generally limited to the allegations of the Complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Court may properly consider the Arbitration Award here as a document incorporated into the Complaint by reference. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

violation of the ADEA and the New York Human Rights Law for the City's failure to recalculate his Separation Payout to reflect the retroactive wage increase provided for in the Arbitration Award and for the cessation of reimbursement of out-of-pocket medical expenses. The City now moves to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting

Twombly, 555 U.S. at 557).

II. **Plaintiff's ADEA Claims are Time-Barred**

As a prerequisite to filing an action under the ADEA, a plaintiff must file a charge with the EEOC within three hundred days of the time that the unlawful employment practice occurred. See Holowecki v. Fed. Express Corp., 440 F.3d 558, 562 (2d Cir. 2006) (citing cases); see also 29 U.S.C. §§ 626(d)(1)(B), 633 (b). "Failure to file a timely charge acts as a bar to a plaintiff's ability to bring the action." Lugo-Young v. Courier Network, Inc., No. 10-CV-3197, 2012 U.S. Dist. LEXIS 33562, at *13 (Mar. 13, 2012) (citing Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112-13 (2d Cir. 2008)) (additional citation omitted). "Courts strictly adhere to the 300-day filing period." Lugo-Young, 2012 U.S. Dist. LEXIS 33562, at *13 n.5 (collecting cases).

Here, the employment practice alleged to be unlawful is the Arbitration Award, which was issued on May 29, 2013. Plaintiff did not file his EEOC charge until April 16, 2014, which is more than 300 days from the date the Arbitration Award was issued, rendering Plaintiff's ADEA claims time-barred.

In his motion papers opposing dismissal on statute of limitations grounds, Plaintiff argues that a cause of action for discrimination does not accrue until the Plaintiff knows or has reason to know of the injury serving as the basis for his claim. Yet, Plaintiff does not claim that he was unaware of the Arbitration Award at or around the time it was issued. Rather, Plaintiff argues that Defendants have failed to offer proof that he was aware of the Arbitration Award at or around the time it was issued, while never stating when, in fact, he did learn of the Arbitration Award. Plaintiff then goes on to assert that even if his ADEA claims are time-barred, it is

irrelevant because his NYSHRL claims, which are subject to a three-year limitations period, are timely.

The Court finds Plaintiff's arguments disingenuous. Plaintiff intentionally omits when he learned of the Arbitration Award in an effort to circumvent the statute of limitations hurdle he faces, attempting to rely on his NYSHRL claims to save this action. Such actions will not be condoned by the Court.

Accordingly, the Court finds that Plaintiff's ADEA claims are time-barred based on Plaintiff's failure to file his EEOC charge within 300 days of the alleged unlawful employment practice. As such, Plaintiff's ADEA claims are hereby dismissed, with prejudice.

III. Plaintiff's NYSHRL Claims

Having found that Plaintiff's ADEA claim is time-barred, there is no longer any independent basis for federal jurisdiction in the within action. Although the Court has the discretion to exercise supplemental jurisdiction over plaintiff's remaining state law claims, see 28 U.S.C. § 1367(a), it declines to do so. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Accordingly, Plaintiff's NYSHRL claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's ADEA claims are dismissed, with prejudice. In addition, the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL claims and those claims are dismissed, without prejudice. The Clerk of the Court is directed to enter judgment accordingly and to close this action.

**SO ORDERED:**

Dated: Central Islip, New York
June 16, 2017

_____
LEONARD D. WEXLER
United States District Judge