UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HOWARD A. DOMITZ,

                        Plaintiff,

    -against-

THE CITY OF LONG BEACH,

                        Defendant.

-------------------------------------------------------X

MEMORANDUM AND ORDER

CV 16-1720

(Wexler, J.)

APPEARANCES:

    LAW OFFICES OF WAYNE J. SCHAEFER, LLC
    BY:   Wayne J. Schaefer, Esq.
    Attorneys for Plaintiff
    199 East Main Street, Suite 4
    Smithtown, NY 11787

    ROBERT M. AGOTISTI, CORPORATION COUNSEL, CITY OF LONG BEACH
    BY:   Richard A. Berrios, Esq., Assistant Corporation Counsel
    Attorneys for Defendant
    1 West Chester Street
    Long Beach, NY 11561

WEXLER, District Judge:

By Memorandum and Order dated June 16, 2017, the Court granted Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed Plaintiff's discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., with prejudice. By that same Order, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law discrimination claims, dismissing such claims without

prejudice. Plaintiff now seeks reconsideration of the Court's June 16, 2017 Memorandum and Order. For the following reasons, Plaintiff's motion for reconsideration is denied.

DISCUSSION[1]

I. <u>Legal Standard</u>

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See <u>Hunt v. Enzo Biochem, Inc.</u>, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Id.</u> at *1 (quoting <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." <u>Dietrich v. Bauer</u>, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999).

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" <u>Church of Scientology Int'l v. Time Warner, Inc.</u>, No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) (quoting <u>Gill v. Gilder</u>, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" <u>Hunt</u>, 2007 WL 1346652, at *1 (quoting <u>Pannonia Farms, Inc. v. USA Cable</u>, No. 03 Civ. 7841,

---

[1] Familiarity with the facts of the underlying action is presumed and, as such, they will not be repeated here

2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006).

Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II. Plaintiff's Application

Here, Plaintiff asserts that the Court overlooked controlling Second Circuit case law when rendering its decision on Defendant's motion to dismiss. Plaintiff's assertion, however, is incorrect.

In support of his argument, Plaintiff submits the exact same case law he put before the Court in his opposition to the underlying motion to dismiss, which the Court did consider in rendering its June 16, 2017 decision. Plaintiff is attempting to do exactly what motions for reconsideration prohibit - reargue the position already considered and rejected by the Court.

While Plaintiff may be unhappy that the Court did not accept its interpretation and application of the case law he submitted, his assertion that the Court overlooked the case law is incorrect. Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       December 14, 2017

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
United States District Judge